**TOWN OF REFUGIO et al. v. HEARD.**

No. 10348.

Court of Civil Appeals of Texas. San Antonio.

Jan. 4, 1939.

Rehearing Denied Feb. 15, 1939.

Gaines, Gaines & Roberts and Terrell, Davis, Hall & Clemens, all of San Antonio, for plaintiffs in error.

Boyle, Wheeler, Gresham & Terrell, of San Antonio, for defendant in error.

SMITH, Chief Justice.

This action in trespass to try title and to remove cloud was brought by Mrs. Fannie V. W. Heard against the Town of Refugio to recover certain real property in the original Four League Grant to the Town. The case was tried by the court without a jury, and judgment was rendered in favor of Mrs. Fannie V. W. Heard as prayed for. The Town has appealed. The parties will be referred to herein as plaintiff and defendant, respectively, as in the trial court.

The property involved consists of strips alleged by defendant to exist as projected streets in certain farm lots admittedly belonging to plaintiff. The trial judge filed findings of specific facts which comprehend every issue necessary to support the judgment in favor of plaintiff. Others than those named are parties defendant in the case, but, as they claim under the Town, they need not be noticed here.

It appears that in the original conveyance of some of the tracts involved, from the Town to plaintiff's predecessors, in the year 1853, reference was made, in the description of the property, to an existing "map of the corporation of the Town of Refugio." It further appears that said map was lost long ago and could not be produced upon the trial, and no record of it exists. The result is that the instrument was not available in proving up the description of said land, and defendant now contends that without the map plaintiff failed to show the location of the land. It further appears that long after said conveyances, in 1879, Winsor, the corporation surveyor, made an official map of the Town, which delineated the strips here involved and designated them as streets. Defendant now contends that the properties involved must be located with reference to the later map, which supports defendant's contention that strips, as streets, were reserved to the public from the original conveyances. With reference to the remaining tract in controversy, which was conveyed by the Town, in 1881, to plaintiff's predecessor, defendant contends that the description therein conforms to the Winsor map which delineates a street adjoining the lot conveyed, and that the strip covered by the projected street must be cut off from the tract conveyed. These contentions, and the answers to them, control the appeal, and we cannot dispose of them more clearly and definitely than by quoting and adopting as our own the find-

1016

ings of fact and conclusions of law filed below by the learned trial judge:

"At the request of defendants I file the following findings of fact and conclusions of law:

"1. I find that the plaintiff holds the land sued for under an unbroken chain of record title from the sovereignty of the soil.

"2. I find that the land sued for is a part of the four league grant to the Town of Refugio.

"3. I find that the deed from the Town of Refugio, defendant herein, to M. P. Norton, one of the plaintiff's predecessors in title, conveying lots 14, 15, 16, 17 and 18, which comprise a part of the land sued for, and which deed is dated October 24, 1853, recites that such lots adjoin the O'-Donnell quarry lot and also join each other.

"4. I find that what was designated in the deed from the Town of Refugio to M. P. Norton as the O'Donnell quarry lot is lot 19, one of the lots included in the land sued for.

"5. I find that when the lots comprising the land sued for, being lots 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 26, 142, 143, and a part of 7, were conveyed by the Town of Refugio to plaintiff's predecessors in title, they were conveyed as adjoining lots and no streets, roads or strips of land were reserved between any of them, and that title to the entire tract of land sued for by plaintiff herein passed out of the Town of Refugio into plaintiff's predecessors in title and title to said entire tract was at the time this suit was filed and is now vested in plaintiff.

"6. I find that the map of the Town tract of Refugio introduced in evidence by defendants was made subsequent to the conveyance to plaintiff's predecessors in title of all of the land sued for, with the exception of lot 13, which conveyance of lot 13 was made subsequent to the making of said map.

"7. I find that in the conveyance from the Town of Refugio to Joseph Toups, one of the plaintiff's predecessors in title, conveying lot 13, the southeast corner of lot 14 and the southwest corner of lot 13 are shown to be a common corner, the east line of lot 14 and the west line of lot 13 is a common line, and the northeast corner of lot 14 and the northwest corner of lot 13 are shown to be a common corner. Also I find that the northeast corner of lot 14 is in the south line of lot 15. The call for the north line of lot 13 is as follows:

'Thence with the south side of a street, east 8.06 to the N. W. corner of lot 6 of ten acres.'

"I find that there was no room for a street north of said line as that would place the street within the bounds of lot 15 which was conveyed by the Town of Refugio many years prior to the conveyance of lot 13 and I further find that the call in said deed for the north line of lot 13 to run along the south side of a street is a mere descriptive recital based upon palpably erroneous assumption that a strip of land existed there, when as a matter of fact there was no strip of land on the ground.

"8. I find that there are no streets, roads or strips of land owned by the Town of Refugio within the boundaries of the tract of land sued for herein.

"9. I find that the land sued for was purchased by Allen J. Heard, one of plaintiff's predecessors in title, on June 16, 1883. That said land at that time was enclosed by a good and sufficient fence built by Joseph Toups from whom the said Allen J. Heard purchased. That continuously since June 16, 1883, the land sued for has been enclosed by a good and sufficient fence and has been continuously in the actual possession of plaintiff and those under whom she holds since said date, plaintiff having actual possession thereof personally since 1904. That the possession of the land sued for by plaintiff and those under whom she holds from 1883 continuously to the date of filing of this suit has been peaceable, uninterrupted and adverse to all the world. That during all of such period of fifty-four years plaintiff and those under whom she holds have cultivated, used and enjoyed said land, parts of said land being cultivated and used for a garden and farm and the rest thereof for a pasture for live stock. That from 1883 to 1904, A. J. Heard resided on said land as his home and from 1904 to recent years plaintiff and her husband resided on said land as their home, and since plaintiff has moved to her home in the Town of Refugio, the residence on the land has been occupied by plaintiff's tenants.

"10. I find that plaintiff and those under whom she holds have had peaceable and adverse possession of the land sued for under claim of right in good faith under deeds which have been duly recorded in the deed records of Refugio County for more than fifty years prior to the filing of

1017

this suit and that during such period of time plaintiff paid all taxes on said land as they accrued and before they became delinquent for a period of more than twenty-five consecutive years.

"Conclusions of Law.

"1. I conclude that plaintiff is entitled to recover the land sued for on her record title.

"2. I conclude that plaintiff is entitled to recover the land sued for by virtue of the ten year statute of limitations (Vernon's Ann.Civ.St. art. 5510).

"3. I conclude that plaintiff is entitled to recover the land sued for by virtue of the twenty-five year statute of limitations (Vernon's Ann.Civ.St. art. 5519).

"4. I conclude that plaintiff is entitled to judgment removing the cloud cast upon her title and from that of her lessees by the resolution of the Council of the Town of Refugio attempting to authorize the oil and gas lease to defendant Price and by the purported lease to Price and by the map attached thereto insofar as said documents relate to any of the land sued for, and I further conclude that plaintiff is entitled to judgment cancelling said documents insofar as they relate to any of the land sued for."

The judgment is affirmed.